IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JEROME THOMAS,**

Petitioner,

v.

Civil Action No. **3:13CV185**

**COMMONWEALTH OF VIRGINIA,**

Respondent.

## MEMORANDUM OPINION

Jerome Thomas, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant
to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the
City of Richmond, Virginia ("Circuit Court") for distribution of cocaine. In his § 2254 Petition,
Thomas argues that he is entitled to relief because insufficient evidence existed to support his
conviction. (§ 2254 Pet. 6.) Specifically, Thomas asserts:

> I was charged with possession with intent, at no time did I possess any drug, at no time
> were drugs found on me! C.I. – Confidential Informant has been convicted of lying[.]
> Informant did not bring back the buy money drug amount he was given. With video and
> audio as evidence – the video recordings showed no exchange of drugs, nor money
> between C.I. Mills and Petitioner J. Thomas.

(*Id.* (spelling and capitalization corrected).)

Respondent moves to dismiss the § 2254 Petition on the ground that Thomas's claim
lacks merit. Respondent provided Thomas with appropriate *Roseboro* notice.[1] (ECF No. 10.)
Thomas has responded. (ECF No. 11.) The matter is ripe for disposition.

---

[1] *See Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975).

## I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court convicted Thomas of distribution of cocaine. *See Commonwealth v. Thomas*, No. CR10–F–6517, at 1–2 (Va. Cir. Ct. May 31, 2011). Thomas appealed this decision to the Court of Appeals of Virginia raising the same claim that he raises in the instant § 2254 Petition. Petition for Appeal at 2, *Thomas v. Commonwealth*, No. 1108–11–2 (Va. Ct. App. filed Oct. 6, 2011). The Court of Appeals of Virginia denied the petition for appeal. *Thomas v. Commonwealth*, No. 1108–11–2, at 1 (Va. Ct. App. Dec. 28, 2011). Thereafter, the Supreme Court of Virginia refused Thomas's petition for appeal. *Thomas v. Commonwealth*, No. 120596, at 1 (Va. June 27, 2012).

## II. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## III.   SUFFICIENCY OF THE EVIDENCE

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

Thomas was convicted of distribution of cocaine, in violation of section 18.2–248 of the Virginia Code. That section states, in pertinent part: "Except as authorized in the Drug Control Act (§ 54.1-3400 *et seq.*), it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." Va. Code. Ann. § 18.2–248. Thomas argues, *inter alia*, that "the video recordings showed no exchange of drugs, nor money between C.I. Mills and Petitioner J. Thomas." (§ 2254 Pet. 6 (spelling and capitalization corrected).) The Court of Appeals aptly summarized the ample evidence of Thomas' guilt as follows:

> [T]he evidence indicated that Edward Jones was working as a confidential informant on the day in question and purchased cocaine from [Thomas] in a

3

controlled buy. The Commonwealth introduced an audio and video recording of a transaction between Jones and another person. Although the video did not show the actual exchange of drugs, it depicted a conversation, some physical movements consistent with a hand-to-hand exchange, and revealed an individual's clothing and some facial features. The video also recorded Jones' request for drugs and the person's inquiry as to whether Jones was the "police" before extending his hand toward Jones. Jones testified that the person in the video gave him cocaine in exchange for money.

A photograph of [Thomas] standing next to a bicycle taken soon after the exchange showed that [Thomas] and the person in the video had the same facial features and shirt. The trial court also heard evidence of Jones' prior criminal record and testimony about an incomplete search of Jones' person prior to the sale. At the end of the trial, the trial court convicted [Thomas] of distributing cocaine, in violation of Code § 18.2-248.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear the evidence as it is presented." *Sandoval v. Commonwealth*, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Despite evidence regarding Jones' prior criminal record, the trial court concluded that Jones' testimony was credible, and we cannot say that it was error to do so. Moreover, the video of the hand-to-hand exchange between Jones and an individual fitting [Thomas's] description corroborated Jones' account. Because the evidence supported the trial court's findings and its decision was not plainly wrong, we conclude that the evidence was sufficient to support [Thomas's] conviction.

*Thomas v. Commonwealth*, No. 1108–11–2, at 1–2 (Va. Ct. App. Dec. 28, 2011).[2]

The Circuit Court found Jones' testimony and the video surveillance credible and supportive of a finding beyond a reasonable doubt that Thomas was guilty of distribution of cocaine. After reviewing the evidence and credibility determinations "in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (citing *Johnson*, 406 U.S. at 362). Accordingly, the Court will DISMISS the claim.

---

[2] While the video footage is not of the best quality, it largely corroborates Jones's testimony that he purchased cocaine from Thomas.

4

## IV.  CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 7) will be

GRANTED.  Thomas's claim will be DISMISSED and his § 2254 Petition will be DENIED.

The action will be DISMISSED.  A certificate of appealability will be DENIED.[3]

An appropriate Final Order shall issue.

Date: 12-9-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

---

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Thomas fails to meet this standard.